NO. 22-5218

IN THE
UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT


UNITED STATES OF AMERICA                    PLAINTIFF-APPELLEE

v.

CURTIS BRADLEY                              DEFENDANT-APPELLANT

_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
DISTRICT JUDGE BENJAMIN J. BEATON
CRIMINAL ACTION NO: 3:21-CR-00018-1-BJB

_____

BRIEF FOR APPELLEE UNITED STATES OF AMERICA
_____

MICHAEL A. BENNETT
United States Attorney

L. Jay Gilbert
Assistant United States Attorney
United States Attorney's Office
717 W. Broadway
Louisville, Kentucky 40202
(502) 381-1967
Jay.Gilbert@usdoj.gov
Attorney for the United States

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

TABLE OF CONTENTS.................................................................................i

TABLE OF AUTHORITIES ....................................................................... ii

STATEMENT REGARDING ORAL ARGUMENT ...............................iv

ISSUE PRESENTED ...................................................................................1

STATEMENT OF THE CASE.....................................................................1

    **<u>Bradley Pleads Guilty to Producing and Possessing Images of His Sexual Assaults of His Minor Niece</u>** ......................................................2

    **<u>The District Court Imposes a Below-Guidelines Sentence of Fifty Years' Imprisonment</u>** ...........................................................5

        **<u>The PSR</u>**..........................................................................................5

        **<u>The Sentencing Hearing and the Judgment</u>** .................................6

SUMMARY OF THE ARGUMENT ..........................................................17

ARGUMENT ..............................................................................................18

    I.    **<u>Bradley's Sentence is Substantively Reasonable.</u>**...........................18

        A.    **<u>Standard of Review</u>**.................................................................18

        B.    **<u>Bradley's Sentence is Substantively Reasonable.</u>** .................21

CONCLUSION............................................................................................24

CERTIFICATE OF SERVICE ...................................................................25

APPELLEE DESIGNATION OF DISTRICT COURT DOCUMENTS ................26

## TABLE OF AUTHORITIES

Cases                                                                                                                    Page

Gall v. United States, 552 U.S. 38 (2007) ....................................................18, 20, 21

Rita v. United States, 551 U.S. 338 (2007)...............................................................20

United States v. Bailey, 264 F. App'x 480 (6th Cir. 2008) ....................................20

United States v. Battaglia, 624 F.3d 348 (6th Cir. 2010) ........................................19

United States v. Boucher, 937 F.3d 702 (6th Cir. 2019) ........................................18

United States v. Cabrera, 811 F.3d 801 (6th Cir. 2016) .................................. 19-20

United States v. Curry, 536 F.3d 571 (6th Cir. 2008) ............................................20

United States v. Faulkner, 926 F.3d 266 (6th Cir. 2019).........................................19

United States v. Johnson, 640 F.3d 195 (6th Cir. 2011).........................................18

United States v. Lanning, 633 F.3d 469 (6th Cir. 2011) ........................................19

United States v. Lynde, 926 F.3d 275 (6th Cir. 2019)............................................19

United States v. Melton, 782 F.3d 306 (6th Cir. 2015) ..........................................20

United States v. Moore, 582 F.3d 641 (6th Cir. 2009) ...........................................19

United States v. Rayyan, 885 F.3d 436 (6th Cir. 2018)..........................................18

United States v. Sherrill, 972 F.3d 752 (6th Cir. 2020).........................................19

United States v. Souders, 747 F. App'x 269 (6th Cir. 2018)............................22, 23

United States v. Parrish, 915 F.3d 1043 (6th Cir. 2019) ........................................18

United States v. Vonner, 516 F.3d 382 (6th Cir. 2008)...........................................20

United States v. Webb, 616 F.3d 605 (6th Cir. 2010) ...............................................19

United States v. West, 962 F.3d 183 (6th Cir. 2020).................................................19

Statutes

18 U.S.C. § 3553 .................................................................................................10, 22

18 U.S.C. § 3553(a) .......................................................................................... Passim

18 U.S.C. § 3553(a)(2).................................................................................................21

18 U.S.C. § 3553(a)(2)(A)–(D)....................................................................................21

18 U.S.C. § 2251(a) .......................................................................................................3

18 U.S.C. § 2251(e) ....................................................................................................3, 6

18 U.S.C. § 2252A(a)(5)(B) .........................................................................................3

18 U.S.C. § 2252A(b)(2)...........................................................................................3, 6

Federal Rules and Sentencing Guidelines and Misc.

USSG §2G2.1(b)(1)(B)...................................................................................................8

USSG §2G2.1(b)(2)(B)...................................................................................................9

USSG §5G1.2(b) .............................................................................................................6

USSG §5G1.2(d).............................................................................................................23

## STATEMENT REGARDING ORAL ARGUMENT

Because the issues have been thoroughly addressed in the briefs, and are not complex, the United States believes that oral argument is unnecessary.

**ISSUE PRESENTED**

I.     For years, Curtis Bradley sexually assaulted his minor niece and produced and possessed visual recordings of that abuse.  A federal grand jury indicted him on three counts of producing child pornography and one count of possessing child pornography.  He pled guilty to all of those counts.  The district court conducted a sentencing hearing, during which the court considered the facts and circumstances and the law (including the 18 U.S.C. § 3553(a) factors, the Sentencing Guidelines range, and the statutory limits on sentencing for those crimes), and sentenced Bradley to a below-Guidelines sentence of a total of 600 months' imprisonment.  Within that 600-month sentence, the district court designated specific periods of imprisonment for each of the indicted crimes, thus comporting with the applicable Guidelines section.  Did the district court abuse its discretion and impose a substantively unreasonable sentence?

**STATEMENT OF THE CASE**

Curtis Bradley appeals his below-Guidelines sentence of a total of fifty years' imprisonment, which the district court imposed upon his guilty plea to three counts of producing child pornography and one count of possessing child pornography.  Bradley contends that the sentence is substantively unreasonable because the district court purportedly arbitrarily "set a term of fifty (50) years, and subsequently fashioned a sentence for each of the offenses of conviction to achieve a sentence of that length, without reference to the factors enumerated in 18 U.S.C. § 3553(a)."  (Brief at 6).  (Each citation to a page of Bradley's brief refers to the number at the top right of the brief's page.)

1

**Bradley Pleads Guilty to Producing and Possessing Images of His Sexual Assaults of His Minor Niece.**

For years, Curtis Bradley sexually assaulted his minor niece (Jane Doe).  (R. 49 Presentence Report (PSR) at 222).  In July 2019, Doe reported to the Louisville Metro Police that over the previous three years, beginning when she was eleven years old, Bradley had sexually assaulted her more than a hundred times.  (Id.).

Doe's biological aunt, Monica Bradley, who is Curtis Bradley's wife, facilitated the sexual assaults in exchange for money and drugs from Bradley.  (Id.; Sealed R. 68 Monica Bradley at Tr. Sent. Hg. 353-58).  (Ms. Bradley was prosecuted for those crimes in a related but separate federal case in the Western District of Kentucky.  (See Sealed R. 68 Monica Bradley at Tr. Sent. Hg. 361-63, 369-72)).  Bradley typically molested Doe on days when Doe's grandmother and caretaker attended dialysis.  (R. 49 PSR at 222).  On those days, Ms. or Mr. Bradley would pick up Doe from school and take her to Bradley's home, where he molested her.  (Id.).

For example, during the most recent of the sexual assaults, on July 27, 2019, Ms. Bradley arranged for Doe to be taken to Bradley's home.  (Id.).  Once inside Bradley's home, Bradley took Doe to the bedroom and told her to undress.  (Id.). Bradley photographed Doe while she was undressing.  (Id.).  He then performed oral sex on her before penetrating her vagina with his penis.  (Id.).  Later during

that assault, Ms. Bradley went into the room and hand-stimulated Bradley until he ejaculated, with Doe being made to watch.  (Id.).

After Doe reported Bradley's crimes, the Louisville police searched Bradley's home.  (Id.).  The police found numerous digital devices, including a WIFI video camera that contained clips of Bradley molesting Doe.  (Id.).

Subsequently, the U.S. Department of Homeland Security executed a warrant to search and forensically examine that video camera and its SIM card. The Homeland Security agents discovered additional video clips of Bradley's bedroom, including some showing him molesting Doe.  (Id.).  For the specific facts of those sexual assaults, see R. 49 PSR at 222-23.

The investigation continued and revealed that on one occasion Ms. Bradley, at Bradley's direction, put half of a Xanax pill in Doe's milkshake to impair Doe's memory and to make it easier to get her to take her clothes off.  (Id. at 223).  "This appeared to begin the grooming process, as then the abuse escalated to more physical contact and ultimately the sexual abuse."  (Id.).

A federal grand jury charged Bradley with three counts of producing child pornography (in violation of 18 U.S.C. §§ 2251(a) and 2251(e)) and one count of possessing child pornography (in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and 2252A(b)(2)).  (R. 16 Indictment at 37-41).  Bradley pled guilty, without a written plea agreement, to all four counts of the Indictment.  (R. 43 Colloquy at Tr. Plea

Hearing 158-94).  During the plea hearing, the district court advised Bradley of his rights and ensured that he understood them.  (Id. at 159-84).  The court also had the United States explain the nature and factual basis for each charge to which Bradley was pleading guilty (Id. at 173-77, 184-89), discussed the possible penalties for those charges (Id. at 173-77), and ensured that Bradley was competent to plead guilty to the charges and was pleading voluntarily. (Id. at 181-82).

Concerning the possible sentence of imprisonment and supervised release, the United States explained that the producing-child-pornography charges (Counts 1 through 3 of the Indictment) each carried a minimum penalty of fifteen years' imprisonment and no more than thirty years' imprisonment, and a supervised release term of no less than five years and no more than a life term of supervised release.  (Id. at 173).  The United States also explained that the possessing-child-pornography charge (Count 4) carried a maximum sentence of ten years' imprisonment with no mandatory minimum and the same supervised release range of five years to life.  (Id.).  Bradley said he understood and agreed with the United States' summary of the facts and the possible penalties, and he admitted that he actually committed the crimes charged in the Indictment.  (Id. at 189).

The court informed Bradley that "[t]here may also be a Guidelines calculation and Guidelines range that apply to your case, but we won't understand exactly what those amounts are until the time of sentencing . . . ."  (Id. at 178).

4

Bradley said he understood that if he received a sentence more severe than expected, he still would be bound by the guilty plea. (Id.). The court told Bradley that after the probation office provided a presentence report, the court would conduct a sentencing hearing considering the contents of that report and any objections to it. (Id. at 183). And, the court said, during the sentencing hearing, the court would consider the sentencing factors under 18 U.S.C. § 3553(a). (Id. (describing the § 3553(a) factors)).

The district court accepted the plea, having found Bradley "fully competent and capable of entering an informed plea and that his plea of guilty was knowing and voluntary and supported by an independent basis in fact containing the essential elements of the offenses charged." (Id. at 190-91).

### The District Court Imposes a Below-Guidelines Sentence of Fifty Years' Imprisonment.

#### The PSR

Under the Sentencing Guidelines, the PSR calculated Bradley's total offense level to be 43 (actually, higher than that; but in those rare instances where the total offense level is calculated in excess of 43, the offense level is to be treated as being at level 43). (R. 49 PSR at 224-28). His total criminal history score under the Guidelines was zero. (Id. at 228-30). According to the sentencing table in USSG

Chapter 5, Part A, a criminal history score of zero established a criminal history category of I.  (Id. at 230).

Under the applicable statute, the minimum term of imprisonment for each of the producing-child-pornography charges (Counts 1-3 of the Indictment) was fifteen years and the maximum term was thirty years.  (Id. at 234 (citing 18 U.S.C. § 2251(e))).  The maximum statutory term of imprisonment for the possessing-child-pornography charge (Count 4) was ten years.  (Id. (citing 18 U.S.C. § 2252A(b)(2))).

Based upon a total offense level of 43 and a criminal history category of I, the Guidelines imprisonment range was life.  (Id. at 234).  But because the statutorily-authorized maximum sentences were less than the minimum of the applicable Guidelines range, the Guidelines term of imprisonment was 1,200 months.  (Id. (citing USSG §5G1.2(b))).

Bradley voiced several objections to the PSR (see R. 49-1 Addendum to PSR at 240-41, 244-45), all but one of which he subsequently withdrew during the sentencing hearing (discussed below).  The United States did not object to the PSR but did respond to Bradley's objections to it. (Id. at 242-44).

## The Sentencing Hearing and the Judgment

After receiving the PSR but before the sentencing hearing, the parties submitted sentencing memoranda to the district court.  In his memorandum,

6

Bradley echoed the PSR's calculation of a base offense level of 32, which was increased to 47 due to a number of enhancements but ultimately was reduced to the maximum level of 43.  (Sealed R. 50 Defendant's Sentencing Memorandum with sealed attachments at internal pages 1-2; page ID # not available).  Bradley agreed with the PSR that his criminal history category was I, but, with a total offense level of 43, the Guidelines range of imprisonment was life.  (Id. at page 2).  He noted that the minimum term of imprisonment for each of the producing-child-pornography counts was fifteen years and that the maximum term for each such count was thirty years.  (Id. at 2).  He acknowledged that the maximum term of imprisonment for the possession count was ten years.  (Id.).

Bradley also specified his objections to the sentencing enhancements discussed in the PSR, including, for example, the four-level increase in the Guidelines calculation due to the allegation that he had Monica Bradley drug Doe for purposes of grooming her for sex with Bradley.  (Id. at 4).  In addition, he disclosed that he had bypass heart surgery in 2009 and provided the court his medical records, and he attached life tables showing that a person of his age and race has a life expectancy of between 19.3 and 16.1 years.  (Id. at 4-5).  He attached letters of support from his mother, grandmother, and a friend from prison ministry.  (Id. at 5).  He encouraged the court to consider the 18 U.S.C. § 3553(a)

factors and to sentence him to only eighteen years' imprisonment, as that was the length of his projected actuarial life expectancy.  (Id. at 6).

The United States' sentencing memorandum recounted the facts supporting the charges to which Bradley had pled guilty.  (R. 52 United States' Sentencing Memorandum at 300-01).  The United States agreed with the PSR's calculations: The total offense level, while actually exceeding 43, was treated as level 43 under the Guidelines.  (Id. at 301).  Further, the United States agreed with the PSR that Bradley's criminal history category was I, which, combined with the total offense level of 43, produced a Guidelines sentencing range of life.  (Id.).  But as the PSR said, the statutorily authorized maximum sentences for Bradley's crimes were less than the minimum of the applicable Guidelines range, so the Guidelines term of imprisonment was 1,200 months.  (Id. at 301-02).

Moreover, the United States explained why the facts and the law justified enhancement of Bradley's sentence under USSG §2G2.1(b)(1)(B) (applying a four-level enhancement where the offense involved "the commission of a sexual act").  (Id. at 302).  Continuing, the United States asked the court to select a sentence sufficient, but not greater than necessary, to comply with the purposes of 18 U.S.C. § 3553(a) and explained why those factors called for a Guidelines sentence of 1,200 months' imprisonment, followed by a life term of supervised release.  (Id. at 306-11).

At the beginning of the sentencing hearing, the court said that it had reviewed the PSR, the parties' sentencing memoranda, and letters of support from Bradley's family and friends.  (Sealed R. 74 Colloquy at Sent. Hg. 493-94).  The court then said, "We have objections to the PSR, but I don't know that any of them will actually make a difference to the guidelines calculation at the end . . . of the day."  (Id. at 494).  In response, Bradley's counsel said, "I don't believe so [*i.e*., he didn't believe that his objections to the PSR, if sustained, would result in a lower guidelines calculation]."  (Id.).

Nevertheless, Bradley's counsel said that he wanted to pursue his objection "to the four-point increase in the calculated offense level . . . that the government is seeking under guideline section 2G2.1(b)(2)(B) for providing a substance to the victim to either render her unconscious or . . . ."  (Id.).  The United States said that it was prepared to have a witness testify about that during the hearing.  (Id. at 495).  The court, addressing Bradley's counsel, said that "if you contest the enhancement, then the government will put on this witness, and I believe we all agree that, regardless of whether I sustain the enhancement or sustain the objection, the guidelines range will be identical, right?"  (Id.).  "I agree," Bradley's counsel replied.  (Id.).

Bradley's counsel also said that he "did transmit to the probation office and the government additional objections [to the PSR]," but that those objections "are

not included or, essentially, they're withdrawn. So we're dealing with the one

objection that we've indicated this morning [about the four-level enhancement]."

(Id. at 495-96). He expressly withdrew his other objections to the PSR. (Id. at

496).

Accordingly, the United States called Monica Bradley to testify about giving

Xanax to Jane Doe. (Id. at 497; Sealed R. 68 M. Bradley at Tr. Sent. Hg. 358-72).

Ms. Bradley testified that on one occasion, at Bradley's direction, she crushed half

a Xanax pill and put it in Doe's milkshake "so she [Doe] won't remember." (Id. at

359-60). Doe drank the milkshake and "acted like somebody that was drunk."

(Id.). Ms. Bradley said, "I think the plan was [for Bradley and Doe] to have sex

that night, but for some reason, that didn't happen. I think it was more the fooling

around type of thing [*i.e.,* 'foreplay touching']." (Id. at 361, 366).

After Ms. Bradley's testimony and the parties' arguments about the Xanax-

related sentencing enhancement, the court sustained Bradley's objection to that

enhancement because there was a "temporal separation" between Ms. Bradley's

putting Xanax in Doe's milkshake and Bradley's actually having sex with Doe.

(Sealed R. 74 Colloquy at Tr. Sent. Hg. 497-506). The court confirmed, though,

that the United States' position was that Ms. Bradley's testimony about the Xanax

incident "was relevant for other sentencing factors under 3553 in addition to the

specific enhancement." (Id. at 505-06).

The court said, "I think we can all agree that it [*i.e.*, sustaining Bradley's objection to the proposed Xanax-related enhancement] is not going to make a difference in terms of the guidelines calculation at the end of the day anyway." (Id. at 506).  Bradley's counsel agreed: "I do agree that . . . it will not affect the guidelines as is anything over – offense level over a 43 is a 43." (Id.).  The court confirmed that the parties had no further objections to the PSR and said, "[H]aving resolved that, we'll adopt and rely on the PSR." (Id.).

The court then went through the advisory Guidelines calculation.  (Id. at 506).  The court explained that "the guidelines represent the starting point in determining a sentence that's sufficient but not greater than necessary to serve the purposes of the sentencing laws." (Id. at 506-07).  The court summarized that with an offense level of 43 and a criminal history category of I, "[t]hat gives us a guidelines range of life with a statutory max of 1,200 months, which operates as the guidelines sentence here, right?" (Id. at 509-10).  The parties agreed. (Id. at 510).

At that point, the court heard Bradley's three witnesses, who previously sent letters to the court and who spoke in favor of a lenient sentence. (Id. at 511-19).  The court then asked the parties to present their arguments about the § 3553(a) factors. (Id. at 519).  Bradley's counsel, referring to Bradley's medical records, asked that the court depart downward from the Guidelines range because of

Bradley's age and medical problems.  (Id. at 519-21).  He also alluded to Bradley's social and economic circumstances.  (Id. at 521).  He conceded that Bradley engaged in "reprehensible conduct" but that he is "remorseful" and "contrite" and has support from family members.  (Id.).  He asked that the court sentence Bradley to only eighteen years' imprisonment, "which is basically his life expectancy, and may be optimistic because of his medical situation."  (Id. at 521).

Bradley's counsel "expressed [his] opinion" and said that it was "debatable" that the 1,200-month Guidelines sentence that the United States was requesting "would deter others from similar conduct."  (Id. at 523).  The court reminded him that "[i]t's not up to you and me, is it?  Congress said we consider a deterrence, right?  And so that's what we'll do."  (Id.).  Bradley's counsel summarized by asking the court "to impose a sentence that's reasonable, under the circumstances, but doesn't require his death in prison," because "that would be more reasonable than having him leave prison in a box."  (Id. at 524).

The United States objected to Bradley's request that he should get a lower sentence because of his age or medical issues, "in large part because Mr. Bradley committed the crimes in this case at an age close to the age he is now, and with the health conditions that he currently has."  (Id. at 524-25).  "This [heart condition] is not a new health condition, and it certainly did not stop him from committing the crimes he committed in this case."  (Id. at 525).  The United States acknowledged

that "we are asking for a very serious sentence in this case," but 100 years "is, in fact, the low end of the guidelines" and is appropriate here. (Id.). "This is the worst of the worst when it comes to the predation cases that this Court is going to see," the United States continued. (Id. at 526). Bradley was Jane Doe's uncle, who should have been protecting her, but instead he sexually assaulted her and "produced child pornography in an incredibly planned and orchestrated fashion" with his camera system. (Id. at 526-28). The United States then read parts of victim impact statements from Jane Doe and Doe's guardian, which said, for example, that Doe "wanted to be hit by a car and kill herself, and she worries all the time that if someone else would rape her because of what [Bradley] has done to her." (Id. at 528).

Because of Bradley's predatory crimes, the public needed to be protected from him. (Id. at 529-30). The United States requested a 100-year sentence because "Mr. Bradley has demonstrated that he is a repeat sexual predator, and one who cannot conform his behavior to the law." (Id. at 529).

The court asked Bradley if he would like to speak. He said that he was "very sorry for what has happened," but he considered the prospective 1,200-month sentence to be "absurd." (Id. at 531). He said, "I am guilty, but not as guilty as the United States would make you think." (Id. at 532). "I'm not vile. I'm not evil. I'm not egregious. I'm a man. I'm a man that made a mistake, and I

admit it." (Id.).  But "[t]his mistake would have never occurred ever had not I personally been manipulated by my drug-fiending wife." (Id.).  "Anything that ever happened is because my wife made it happen, because she wanted it to happen." (Id. at 532-33).

After consulting with counsel, Bradley apologized to the court: "My apologies, sir.  I let my emotions get the best part of me, and I apologize to you, and I apologize to the Court.  I am, in fact, guilty," he said.  (Id. at 533).  "There's no doubt about it.  I did those things.  Not everything, but I did a lot of things I shouldn't have done, and I take responsibility for it, and I sincerely apologize." (Id. at 533-34).  "So I just pray – for the mercy of the Court."  (Id. at 538).

Then, the court analyzed the § 3553(a) factors.  (Id.).  The court said that "[t]he law requires the Court to impose a sentence that's sufficient but not greater than necessary to comply with the purposes set out in the sentencing laws created by Congress." (Id.).  Specifically, the court said that, in determining the particular sentence to be imposed, a court must consider the history and characteristics of the defendant, the nature and circumstances of the offense and its seriousness, the need for the sentence imposed to promote respect for the law and to provide just punishment for the offense, and the need to afford adequate deterrence to criminal conduct and to protect the public from further crimes of the defendant.  (Id.).  The sentence must also take into account any need for restitution, the need to avoid

unwarranted sentencing disparities, the kind of sentences available, and opportunities in correction.  (Id.).

The court reminded that, as the court and the parties had previously discussed, "the minimum sentence that I could possibly impose is 15 years here, so it's – it's, you know, a question of what comes above that."  (Id. at 538).

The court considered the letters and statements of support from Bradley's family and friends and said, "I've accounted for everything that's set out in the papers, everything that was said here today."  (Id. at 539).  But, "[a]s the prosecutor said, it's hard to sort of overstate the seriousness of what happened." (Id.).  In particular, the relevant factors included "the length of the offense, the number of instances, the extreme number of images and videos that we know about."  (Id.).  Additional considerations included Jane Doe's young age, the offenses' "obvious impact on her and others who are affected by the ripples in her life and, therefore, theirs," the repetition of the offenses, the production of pornography, the abuse of trust, the use of drugs, and the relationship between Bradley and Jane Doe.  (Id. at 539-40).

The court expressed appreciation that Mr. Bradley once again admitted what he had done.  (Id. at 540).  But "given the seriousness of the [] actions, the offenses, the need for protection and deterrence," the court said that "I agree with the government that a very, very substantial sentence is appropriate in this case,

and as a result, we'll impose a sentence of 50 years for the offenses." (Id.).  The court said that the fifty-year sentence "is beneath what the guidelines recommends, but I don't think anyone here misunderstands the seriousness of that sentence, particularly in relation to your lifespan that we expect." (Id.).  The sentence was "based on our calculation of the guidelines, the sentencing factors we have discussed, the testimony we heard today, arguments of the lawyers and yourself," and "all the factors we've considered carefully in the course of this case." (Id.).

The court asked whether there was anything else, in terms of the sentence, to address.  (Id. at 541).  Both the United States and Bradley said that there was not. (Id.).  The court added: "I'll note that even if there was an issue with the guidelines or any calculation, this would be the sentence that the Court has carefully considered and deems appropriate in light of all the sentencing laws."  (Id.).

Then, the probation officer reminded the court that "we need to specify what counts [the court is] giving sentences to, because there is a set max on each one, which would go above the 50 years."  (Id. at 542).  The court considered the various options and decided to break down the components of the fifty-year sentence by allocating: thirty years' imprisonment for Counts 1 and 2, to run concurrently to each other; twenty years' imprisonment for Count 3, to run consecutively to Counts 1 and 2; and ten years' imprisonment for Count 4, to run concurrently to Count 3.  (Id. at 542-44).  The United States said, "That makes

good sense." (Id. at 544). The court asked Bradley's counsel, "That make sense to you?," and Bradley's counsel responded, "Yes." (Id.).

The court entered Judgment specifying that breakdown of the total sentence of fifty years' imprisonment. (R. 63 Judgment at 326-28). Bradley appeals the judgment and sentence imposed, challenging only the substantive reasonableness of his below-Guidelines sentence. (R. 65 Notice of Appeal at 339; R. 63 Judgment at 326-328; Brief at 6, 17-21).

## SUMMARY OF THE ARGUMENT

During his sentencing hearing, Bradley once again admitted to committing the child pornography crimes for which he was indicted. In determining the appropriate sentence for those crimes, the district court considered Bradley's admissions and the other relevant facts, in light of the totality of the circumstances, and gave reasonable weight and balance to each pertinent factor under 18 U.S.C. § 3553(a). The court imposed a sentence of fifty-years' imprisonment, which was below the Guidelines range and, therefore, was presumptively reasonable. The court then specified the amounts of the total fifty-year sentence attributable to each crime that Bradley pled guilty to committing. The district court did not abuse its discretion in sentencing Bradley, so this Court should affirm.

## ARGUMENT

### I.   Bradley's Sentence is Substantively Reasonable.

#### A.   Standard of Review.

A sentence's substantive reasonableness concerns "whether the sentencing court gave reasonable weight to each relevant factor" under 18 U.S.C. § 3553(a).  United States v. Boucher, 937 F.3d 702, 707 (6th Cir. 2019).  This inquiry, at bottom, addresses "a claim that a sentence is too long (if a defendant appeals)."  United States v. Rayyan, 885 F.3d 436, 442 (6th Cir. 2018).  "In reviewing for substantive reasonableness, we must consider the sentence imposed in light of the totality of the circumstances."  United States v. Johnson, 640 F.3d 195, 202 (6th Cir. 2011).  Because the district court's weighing of the § 3553(a) factors "is a matter of reasoned discretion, not math," appellate courts are highly deferential in their review of district courts' sentencing decisions.  Rayyan, 885 F.3d at 442.

Accordingly, this Court applies an abuse-of-discretion standard when reviewing claims of substantive unreasonableness of a sentence.  Gall v. United States, 552 U.S. 38, 51 (2007) (an appellate court must give "due deference" to the district court's conclusion that the balancing of the § 3553(a) factors warranted the sentence that it chose); United States v. Parrish, 915 F.3d 1043, 1047 (6th Cir. 2019).

In applying that standard of review, a district court's legal conclusions—including its interpretation of the Guidelines—are reviewed de novo, and its factual findings are reviewed under the clear-error standard.  United States v. Battaglia, 624 F.3d 348, 351 (6th Cir. 2010).  "A district court abuses its discretion when it applies the incorrect legal standard, misapplies the correct legal standard, or relies upon clearly erroneous findings of fact."  United States v. Moore, 582 F.3d 641, 644 (6th Cir. 2009).  A factual finding is "clearly erroneous" where "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  United States v. Webb, 616 F.3d 605, 609 (6th Cir. 2010).

Substantive reasonableness arguments "'do not need to be raised before the district court to be preserved for appeal,' and so we apply abuse of discretion review even where [as here] such arguments were not raised below."  United States v. Sherrill, 972 F.3d 752, 769 (6th Cir. 2020) (quoting United States v. Lanning, 633 F.3d 469, 473 (6th Cir. 2011)).

"Generally speaking, defendants who challenge their sentences as substantively unreasonable face an uphill climb."  United States v. Faulkner, 926 F.3d 266, 273 (6th Cir. 2019).  This Court applies a presumption of reasonableness to sentences within the Guidelines range.  United States v. West, 962 F.3d 183, 187 (6th Cir. 2020); United States v. Lynde, 926 F.3d 275, 279 (6th Cir. 2019); United

19

States v. Cabrera, 811 F.3d 801, 808 (6th Cir. 2016); United States v. Melton, 782 F.3d 306, 313 (6th Cir. 2015); United States v. Vonner, 516 F.3d 382, 389-90 (6th Cir. 2008)(en banc).  That presumption "reflects the fact that, by the time an appeals court is considering a within-Guidelines sentence on review, *both* the sentencing judge and the Sentencing Commission will have reached the *same* conclusion as to the proper sentence in the particular case."  Rita v. United States, 551 U.S. 338, 347 (2007) (emphasis in original).  "That double determination significantly increases the likelihood that the sentence is a reasonable one."  Id.

"Yet, the fact that the sentence imposed is outside the Guidelines range does not give rise to a presumption of unreasonableness, Gall, 128 S. Ct. at 597, especially where the variance results in a sentence even more favorable to the challenging defendant than a within-Guidelines sentence."  United States v. Curry, 536 F.3d 571, 573 (6th Cir. 2008).  "Moreover, simple logic compels the conclusion" that, if a sentence within the Guidelines range would have been presumptively reasonable in length, "a defendant's task of persuading us that the more lenient [below-Guidelines] sentence . . . is unreasonably long is even more demanding."  Curry, 536 F.3d at 573 (citing United States v. Bailey, 264 F. App'x 480 (6th Cir. 2008) (since, per Vonner, a within-Guidelines sentence would be presumptively reasonable, "it follows from simple logic" that a below-Guidelines sentence is "presumed not to be unreasonably severe").

20

"The fact that the appellate court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court." <u>Gall</u>, 552 U.S. at 51.

**B.    <u>Bradley's Sentence is Substantively Reasonable</u>.**

Under 18 U.S.C. § 3553(a), district courts "shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in [§ 3553(a)(2)]."  In particular, "[t]he court, in determining the particular sentence to be imposed, shall consider" the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocation training, medical care, or other correctional treatment in the most effective manner.  18 U.S.C. § 3553(a)(2)(A)-(D).

Here, the district court, in determining Bradley's sentence, weighed and balanced each of the pertinent § 3553(a) factors and considered the totality of the circumstances.  The court acknowledged Bradley's admission to committing each of the child pornography crimes for which he was indicted.  The court heard and considered the arguments from Bradley's counsel and from the United States, listened to several of Bradley's family members and friends who advocated

leniency for him, and heard Bradley's remorse for committing the crimes. In addition, the court considered Bradley's age and medical condition, acknowledged the appropriate Guidelines range, and noted Bradley's request for a downward variance.

In addition, the court took into account the heinous nature of Bradley's crimes and the profound negative effects those crimes had on Jane Doe. Nevertheless, the court imposed a presumptively reasonable, below-Guidelines sentence of fifty years' imprisonment, which the court concluded was sufficient, but not greater than necessary, to meet the § 3553 requirements. Thus, Bradley's argument that the court failed to consider the § 3553(a) factors is unfounded.

In an attempt to support his argument that his below-Guidelines sentence was substantively unreasonable, Bradley cites (and attaches to his brief) an unpublished case, United States v. Souders, 747 F. App'x 269 (6th Cir. 2018). (Brief at 19). In Souders, this Court concluded that the defendant had not rebutted the presumption that his below-Guidelines sentence was reasonable; the district court did not abuse its discretion in selecting the sentence. Souders, 747 F. App'x at 278-79. And, as Bradley concedes, Souders says that "there is rarely – if ever – a circumstance where the fact that a sentence might mean a particular defendant will die in jail, i.e., an 'effective life sentence,' carries independent sentencing significance." (Brief at 19 (citing Souders, 747 F. App'x at 276 n.3)). Even so, in

this case, the district court did consider Bradley's age and medical condition, as well as the appropriate Guidelines range and other pertinent factors under § 3553(a), and imposed a presumptively-reasonable, below-Guidelines sentence.

Souders also notes that USSG §5G1.2(d) expressly gives the district court discretion to run sentences consecutively. Souders, 747 F. App'x at 277. That Guideline says that "[i]f the sentence imposed on the count carrying the highest statutory maximum is less than the total punishment, then the sentence imposed on one or more of the other counts shall run consecutively, but only to the extent necessary to produce a combined sentence equal to the total punishment." USSG §5G1.2(d). But "[i]n all other respects, sentences on all counts shall run concurrently, except to the extent otherwise required by law." Id. That is the procedure that the district court used here to allocate the appropriate sentence on the multiple counts of Bradley's conviction. The decision was not arbitrary.

Therefore, in deciding on an appropriate sentence for Bradley's multiple child pornography crimes, the district court gave reasonable weight and balance to each relevant factor under 18 U.S.C. § 3553(a) and considered the pertinent facts and the totality of the circumstances. The district court's balancing of the §3553(a) factors, as a whole, warranted the sentence the court chose. The below-Guidelines sentence is presumptively reasonable, and Bradley fails to overcome

that presumption.  The district court acted reasonably and did not abuse its

discretion, either factually or legally.

## **CONCLUSION**

This Court should affirm the district court.

MICHAEL A. BENNETT
United States Attorney


s/ L. Jay Gilbert
L. Jay Gilbert
Assistant United States Attorney
United States Attorney's Office
717 W. Broadway
Louisville, Kentucky 40202
(502) 381-1967
Jay.Gilbert@usdoj.gov
Attorney for the United States

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 5th day of August 2022, I electronically filed the foregoing brief with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to Appellant's counsel.

<u>s/ L. Jay Gilbert</u>
L. Jay Gilbert
Assistant United States Attorney
United States Attorney's Office
717 W. Broadway
Louisville, Kentucky 40202
(502) 381-1967
Jay.Gilbert@usdoj.gov
Attorney for the United States

APPELLEE'S DESIGNATION OF DISTRICT COURT RECORDS

| Record Entry | Description | Page ID# |
|---|---|---|
| 16 | Indictment | 37-41 |
| 43 | Change of Plea Hearing Transcript | 158-194 |
| 49 | Presentence Report | 219-247 |
| 50 | Sealed Defendant's Sentencing Memorandum | N/A |
| 52 | United States' Sentencing Memorandum | 300-311 |
| 63 | Judgment | 326-334 |
| 65 | Notice of Appeal | 339-340 |
| 68 | Sealed Testimony of M. Bradley Sentencing Hearing Transcript | 344-374 |
| 74 | Sealed Sentencing Hearing Transcript | 492-544 |